RueffN, Judge,
 

 delivered the opinion of the Court:
 

 The question in this case is, whether an account cart l)e decreed of the personal estate of a deceased person, Without making the executor or administrator a party to the bill ? and we think it cannot. The case of Humphreys and wife
 
 v.
 
 Humphreys,
 
 (a)
 
 is a direct authority to this point. It is ti-ue, that here the Defendants are ealied
 
 executors
 
 in the petition ; but the petition also charges that Judith Goode died
 
 intestate.
 
 This therefore is an attempt to snake executor:-;
 
 áeson tort,
 
 answerable to distributees, which we are satisfied, from the reasons given in the case just cited, ought not to
 
 be
 
 done. There-is another consideration that has great weight with us, which is, that if a decree should be made for the petitioners, and they' receive the property under it, they would themselves thereby become executors
 
 de son tori;
 
 which implies a wrongful interference with the property of the intestate. A court of equity can never be accessary to Such an act, or so far disregard the rights of creditors. The decree of the superior court must be affirmed.
 

 (a)
 

 3 P. Wms. 348.